UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-20943-KMM

DON'T TREAD ON US, LLC,
a Florida limited liability company

      Plaintiff,
v.

TWITTER, INC., a Delaware corporation

      Defendant.
_____/

**ORDER ON MOTION TO TRANSFER**

THIS CAUSE came before the Court upon Defendant Twitter Inc.'s ("Defendant" or "Twitter") Motion to Transfer to the Northern District of California. ("Mot." or "Motion to Transfer") (ECF No. 5). Therein, Defendant requests that the Court transfer the above-captioned case to the Northern District of California. *See generally id*. Plaintiff Don't Tread On Us LLC ("Plaintiff") filed a response in opposition, ("Resp.") (ECF No. 12), and Defendant filed a reply. ("Reply") (ECF No. 14). The Motion to Transfer is now ripe for review.

**I.    BACKGROUND**[1]

Plaintiff brings this action against Defendant alleging one cause of action for breach of contract. *See generally* Compl. The breach of contract claim relates to the use and suspension of two accounts associated with Jared Beck and Elizabeth Lee Beck on Defendant's social networking service. *Id*. ¶ 3. Mr. and Mrs. Beck each used Twitter accounts until January 2019 and June 2019, respectively, when the accounts were suspended. *Id*. ¶ 11.

---

[1] The relevant facts are taken from the Complaint, ("Compl.") (ECF No. 1), and exhibits attached to Defendant's Motion to Transfer.

When Mr. and Mrs. Beck initially signed up to use Twitter, they were required to agree to the terms of Twitter's User Agreement ("User Agreement"), which states that for all U.S. residents, "the Twitter User Agreement comprises [the hyperlinked] Terms of Service, [hyperlinked] Privacy Policy, the [hyperlinked] Twitter Rules and all incorporated policies." Mot. Ex. 1 at *1. Further, the User Agreement states that the "Terms of Service ("Terms") govern [user's] access to and use of [Twitter's] services." *Id*. at *2. As relevant to the Instant Motion, the User Agreement requires that "[a]ll disputes relat[ing] to [the] Terms of the Services [] be brought solely in the federal or state courts located in San Francisco County, California, United States, and [users] consent to personal jurisdiction and waive any objection as to inconvenient forum." *Id*. at *8.

After Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Defendant removed this Action to this Court. *See* ECF No. 1. On March 15, 2023, Defendant filed the instant Motion to Transfer to the Northern District of California, premised upon the forum-selection clause included in Twitter's User Agreement. *See generally* Mot. Plaintiff opposes the Motion. *See generally* Resp.

**II.     LEGAL STANDARD**

28 U.S.C. § 1404 provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a). "[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)[.]" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 52 (2013). "When a defendant files such a motion[], a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given

controlling weight in all but the most exceptional cases.'" *Id*. at 59–60 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

Where the parties have agreed to a forum-selection clause, a court evaluating a motion to transfer should "afford no weight to either the plaintiff's selected forum or the parties' private interests, and [should] ignore the choice-of-law rules of the original venue." *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 703 (11th Cir. 2018) (citing *Atl. Marine*, 571 U.S. at 62–65). In such circumstances, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 64.

Typically, a plaintiff may seek to overcome this burden by showing that the public interest favors the preselected forum. *Id*. "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id*. (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 & n.6 (1981)).

**III.   DISCUSSION**

Plaintiff makes one argument in opposition to Defendant's Motion. *See generally* Resp. Specifically, Plaintiff points the Court to the pending Motion to Remand, ("Mot. to Remand") (ECF No. 10), in which Plaintiff argues that this Court lacks subject-matter jurisdiction over this Action. *See generally* Resp. And, Plaintiff argues that this Court must first determine whether it has subject-matter jurisdiction over the Instant Action before it rules on the Motion to Transfer. Resp. at 4–5. Accordingly, the Court first addresses whether it has the authority to rule on the Motion to Transfer before ruling on the Motion to Remand. Then, the Court turns to the merits of the Motion to Transfer.

### A.     The Motion to Remand Need Not Be Decided Before the Motion to Transfer

In the Motion to Remand, Plaintiff argues that Defendant fails to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, which is required for the Court to exercise jurisdiction under 28 U.S.C. § 1332. *See generally* Mot. to Remand. Now, Plaintiff argues that because this Court lacks subject-matter jurisdiction over this action, this Court cannot transfer this action. Resp. at 4 ("It is apodictic that a district court must possess subject-matter jurisdiction in order to transfer an action under 28 U.S.C. § 1404(a) (citing *Integrated Health Servs. Of Cliff Manor, Inc. v. THCI Co.*, LLC, 417 F.3d 953, 957 (8th Cir. 2005)).

The Court disagrees. As the Supreme Court explained, "a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). The Court explained that a "forum non conveniens dismissal denies audience to a case on the merits; . . . it is a determination that the merits should be adjudicated elsewhere." *Id*. at 432, (citation, alteration, and quotation marks omitted). The "critical point . . . rendering a forum non conveniens determination a threshold, nonmerits issue," the Court reasoned, "is simply this: Resolving a forum non conveniens motion does not entail any assumption by the court of substantive law-declaring power." *Id*. at 433 (quotation marks omitted).

While *Sinochem* held that a district court may dismiss a case based on forum non conveniens without first determining its own jurisdiction, the same reasoning applies where, as here, a defendant moves to transfer under § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60, (2013) ("Section 1404(a) is merely a codification of the doctrine

4

of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system."). And, courts have extended the *Sinochem* holding to § 1404(a). *See e.g.*, *Chevron U.S.A. Inc. v. Env't Prot. Agency*, 45 F.4th 380, 385 (D.C. Cir. 2022) ("The close association between forum non conveniens and venue cements the conclusion that venue, like forum non conveniens, is a threshold, non-merits issue that a court can address without first establishing its jurisdiction."); *see also ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1200 (10th Cir. 2011); *In re LimitNone, LLC*, 551 F.3d 572, 576–77 (7th Cir. 2008).

Here, the Supreme Court makes clear that this Court has the authority to rule on the pending Motion to Transfer, which is brought pursuant to § 1404(a), before adjudicating subject-matter jurisdiction. Accordingly, the Court turns to the merits of the Motion to Transfer.

>   **B.   This Case Must Be Transferred to the Northern District of California Pursuant to the Forum-Selection Clause in Twitter's User Agreement.**

Attached to Defendant's Motion is a copy of Twitter's User Agreement. Mot. Ex. 1. The User Agreement includes a forum-selection clause which states "[a]ll disputes relat[ing] to [the] Terms of the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States, and [users] consent to personal jurisdiction and waive any objection as to inconvenient forum." *Id*. at *8.

Plaintiff does not dispute that Mr. and Mrs. Beck agreed to the User Agreement, or the forum-selection clause included therein. *See generally* Resp. Thus, the Court finds that Mr. and Mrs. Beck agreed to be bound by the forum-selection clause.

Defendant argues that the binding forum-selection clause requires this case to be transferred to, and litigated in, the Northern District of California. *See* Mot. at 6. Defendant contends that: (1) the forum-selection clause is valid and mandatory; (2) the forum-selection clause encompasses Plaintiff's claim for breach of contract; and (3) no extraordinary

circumstances exist to decline transfer. *See* Mot. at 7–10. Plaintiff does not dispute any of these three assertions. *See generally* Resp.

First, the Court agrees with Defendant that the forum-selection clause is mandatory and enforceable. The clause states that "[a]ll disputes relat[ing] to [the] Terms of the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States." Mot. Ex. 1 at 8. The use of "all" and "solely" clearly demonstrate the forum-selection clause is mandatory. *Trump v. Twitter, Inc.*, No. 21-CIV-22441, 2021 WL 8202673, at *6 (S.D. Fla. Oct. 26, 2021); *see also Landau v. Jaffa*, No. 18-CIV-60772, 2018 WL 4778426, at *3 (S.D. Fla. July 19, 2018 (determining forum-selection clause was enforceable and mandatory because it required that the parties "resolve all disputes within the sole jurisdiction of the courts of the State of Utah"). And, several other federal courts have enforced Twitter's forum-selection clause. *See Trump*, 2021 WL 8202673, at *6; *Brittain v. Twitter Inc.*, No. 18-CIV-01714, 2019 WL 110967, at *2 (D. Ariz. Jan. 4, 2019); *Wingo v. Twitter, Inc.*, No. 14-2643, 2014 WL 7013826, at *3 (W.D. Tenn. Dec. 12, 2014); *Doshier v. Twitter, Inc.*, 417 F. Supp. 3d 1171, 1180 (E.D. Ark. 2019).

Next, Defendant contends that the language of the forum-selection clause encompasses Plaintiff's claim. Mot. at 8. The Eleventh Circuit interprets forum-selection clauses containing the words "arising out of" to broadly cover "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." *See Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987); *see also Loomer v. Facebook, Inc.*, 2020 WL 2926357, at *3 (S.D. Fla. Apr. 13, 2020) ("The terms of the forum-selection clause are broad. The forum-selection clause applies to 'any claim, cause of action, or dispute you have against us that arises out of or relates to these Terms or the Facebook Products.'").

Here, the User Agreement states that "[a]ll disputes related to [the] Terms of Service" in the User Agreement are subject to the mandatory forum-selection clause; and Plaintiff's sole claim effectively challenges Twitter's application of its Terms of Service. *Id.* And, the Complaint explicitly references and relies on the "valid and enforceable contracts"—i.e., the User Agreements—between Mr. and Mrs. Beck and Twitter. Compl. ¶ 21. Accordingly, The Court agrees with Defendant and finds that the forum-selection clause's broad terms encompass Plaintiff's claim for breach of contract, which is based on an alleged violation of the User Agreement.

The Court finds that the forum-selection clause is valid and enforceable, and encompasses Plaintiff's claim. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine*, 571 U.S. at 59–60 (citation omitted). Where the parties have agreed to a forum-selection clause, a court evaluating a motion to transfer should "afford no weight to either the plaintiff's selected forum or the parties' private interests, and [should] ignore the choice-of-law rules of the original venue." *Hisey*, 753 F. App'x at 703 (citing *Atl. Marine*, 571 U.S. at 62–65). In such circumstances, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 64. Typically, a plaintiff may seek to overcome this burden by showing that the public interest favors the preselected forum. *Id.* Plaintiffs bear a high burden in this regard. *Id.* as 67 (stating that a plaintiff "must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer").

Here, Plaintiffs does not argue that this Court should not transfer the case to the Northern District of California because doing so would go against the public interest. *See generally* Resp.

And, the Court finds that Plaintiff has not satisfied its burden of demonstrating that the forum-selection clause, to which they all agreed, should not be enforced in this case.

IV. **CONCLUSION**

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. Defendants' Motion to Transfer to the Northern District of California (ECF No. 64) is GRANTED.
2. The above-captioned case is hereby TRANSFERRED to the Northern District of California.
3. The Clerk of Court is hereby INSTRUCTED to TRANSFER the docket and record of the above-captioned case to the Clerk of Court for the Northern District of California.
4. The Clerk of Court is INSTRUCTED to CLOSE this case.
5. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of May, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record